Bell, J.
The constitutional guaranty of a speedy trial provided in Section 10 of Article I has been implemented by Sections 2945.71, 2945.72 and 2945.73, Bevised Code.
Section 2945.72 reads as follows:
“A person shall not be held by recognizance without trial for a period of more than three terms to answer an indictment, or information, not including a term at which a recognizance was first taken thereon, if taken in term time. He shall be discharged unless a continuance is had on his motion, or the. delay is caused by his act, or there is not time to try him at such third term, in which case he shall be brought to trial at the next term or be discharged.”
Section 2945.73 reads as follows:
“When application is made for the discharge of a person under Section * * * 2945.72 of the Bevised Code, if the court is satisfied that there is material evidence for the state which cannot be had, that reasonable effort has been made to procure it, and that there is just ground to believe that such evidence can be had at the next term, the cause may be continued and the prisoner remanded or admitted to bail. If he is not brought to trial at the next term thereafter, he shall then be discharged. The discharge of the accused under this section * * * is a bar to further prosecution for the same offense.”
Section 2945.71 is substantially the same as Section 2945.72, except that it gives to one detained in jail the right to trial within two terms.
These statutes, in substantially the same form, have been in effect in Ohio since the adoption of the Code of Criminal Procedure in 1869 (66 Ohio Laws, 287, 311) . They have not escaped judicial review during that time.
*57 In Ex Parte McGehan, 22 Ohio St., 442, the court had under consideration Sections 161 and 163 of the Criminal Code. Section 161 was the substantial equivalent of Section 2945.71, Revised Code, and the language therein differs from that of Section 2945.72, Revised Code, only in that the latter deals with one held to recognizance rather than with one detained in jail.
In the McGehan case, the court, in an opinion by Welch, C. J., said:
“In the light of both these sections, it is quite evident that an ‘application’ by the defendant during the term, at the end of which he is entitled to his discharge, is contemplated. It is only ‘when application is made for the discharge,’ that the state has a right to continue for the causes specified in Section 163 [now Section 2945.73, Revised Code].”
In Erwin v. State, 29 Ohio St., 186, 23 Am. Rep., 733, the court had under consideration Sections 162 and 163 of the Criminal Code. There the court said:
“When the above section [Section 162, now Section 2945.72, Revised Code] is considered with Section 163, following, it is clear that a defendant can not be discharged for the reason stated, except upon an application to the court during a term thereof * * *.”
It would thus appear from those cases that the discharge of an accused is not automatic at the end of two terms, if he is held in jail, or three terms, if held to recognizance. And this appears to be the general rule in this country. In 14 American Jurisprudence, 863, Section 138, it is said:
“The right of the accused to a discharge for the failure of the prosecution to put him on trial within the required time may be waived by his own conduct, even in capital cases. He must claim his right if he wishes its protection. Silence on his part cannot be construed as a demand for trial. If he does not make a demand for trial or resist a continuance of the case, or if he consents to continuances, goes to trial without objecting that the time limit has passed, or fails to make some kind of an effort to secure a speedy trial, he will not be in a position to demand a discharge because of delay in prosecution.”
In the McGehan case, supra, the court recognized that the provisions of either Section 161 or 162 (now Sections 2945.71 *58 and 2945.72, Revised Code), standing alone, would seem to give an accused the right to be discharged at any time after the end of the second term (or third term), simply for the nonaction on the part of the state in failing to bring him to trial. But the court refused to consider that section except in connection with Section 163 (now Section 2945.73, Revised Code) and held that if an accused desires his discharge under the provisions of Section 161 (or Section 162) he must make an application therefor. Paragraph three of the syllabus of that case reads as follows:
“To entitle a prisoner to such discharge, on the ground that he has not been brought to trial during the time limited by Section 161 or 162, he must make application to the court therefor, and if when he makes such application, whether during the time so. limited, or at a subsequent term of the court, the state is ready to proceed with the trial, or makes the showing specified in Section 163 for a continuance, he will not be entitled to be discharged.” (Emphasis added.)
. In the Erwin case, supra, the application for discharge was made two days before the end of a term and overruled on the last day of the term, at which time there was no time to try the cause at that term. At the time of the application for discharge, the state was ready to proceed to trial, and trial was had at the next term. The court held in paragraph one of the syllabus:
“Where an application is made for a discharge, under Section 162 of the Criminal Code (66 Ohio L., 311), at any term of the court, on the ground that the defendant, who had given bail for his appearance, was not brought to trial before the end of the third term after the indictment was found, such application should be refused, if at such term the state is ready for trial, although the cause can not be tried for want of time at such term.”
It would thus appear from those cases that, when application for discharge is made by an accused, the court may refuse the discharge either under Section 2945.73, Revised Code, because of the absence of witnesses or evidence which can be procured at the next term, or under the exception provision of Section 2945.72, Revised Code, that there is not time to try the cause.
Are these reasons mutually exclusive? If a discharge is *59 once refused and a continuance granted under Section 2945.73, Revised Code, can a court grant further continuances under Section 2945.72 when any of the reasons therefor as listed in the section appear?
It might well be argued that the bases for granting a discharge appear in either Section 2945.71 or 2945.72, and that when those reasons appear the state has the opportunity to get one more continuance, and one only, under Section 2945.73. Such, however, does not appear to be the interpretation given these sections by this court.
The facts in the case of Johnson v. State, 42 Ohio St., 207, bear a striking resemblance to the facts of this case. There the court had under consideration Sections 7309, 7310 and 7311, Revised Statutes (formerly Sections 161, 162 and 163 of the Criminal Code and now Sections 2945.71, 2945.72 and 2945.73, Revised Code). At the time of the decision in the Johnson case, the terms of court in Hamilton County, during the year's 1882, 1883 and 1884, began in January, May and November. (In the present case, the terms begin in January, April and September.) The following quotation from the opinion by Okey, J., illustrates the similarity in facts and, in our opinion, properly states the law:
ll* * * This indictment was found October 16, 1882, which was during the May term, the defendant then being in jail, and the cause was continued generally at that term and at November term, 1882. At the January term, 1883, the defendant moved that he be discharged because he had not been brought to trial as required by the statute, but the cause was continued until the next term, ‘the court being satisfied that there is material evidence for the state which could not be had at this time, that reasonable exertion had been made to procure the same, and that there is just ground to believe that such evidence can be had at the next term.’ This was expressly authorized by Rev. Stats. Section 7311. On the last day of May term, 1883 * * * the court ordered that ‘this cause is now continued to the next term for want of time to try the same at this term. ’ * * * On the first day of November term, 1883 * * * before the criminal calendar had been made up, the defendant moved for his discharge. That motion was overruled on the last day of the term * * * and after *60 exception by the defendant, the canse was continued. At the January term, 1884, the defendant asked to be discharged, and excepted to the order of the court placing him on trial * # *.
“ * * # of cottrse> when it appears that the statute has been disregarded, the accused is entitled to a discharge. But it must be remembered that the discharge is equivalent to a verdict of acquittal with judgment thereon (Exp. McGehan, 22 Ohio St., 442; Erwin v. State, 29 Ohio St., 186). * *•*
“We have seen that the cause was properly continued at January term, 1883, because of the absence of witnesses. The statute authorized the continuance. Then the cause was continued on the last day of the May term, 1883, for want of time to try it. This the prisoner’s counsel claims could not be done under the statute. True, Section 163 of the Act of 1869 (66 Ohio L., 311) was amended in 1877 (74 Ohio L., 351), by the addition of the words: ‘ and if he be not brought to trial at the next term, he shall then be discharged ’; and the section thus amended was carried into the revision (Rev. Stats. Section 7311); but the evident meaning is that a continuance shall not be twice granted to the state for the absence of witnesses. This, we think, left the court clothed with power to continue the cause, under the statute, on application of the state, where the term was near its close, and it had become apparent that it was impracticable to try the cause at that time; for, independently of the statute, the court is clearly vested with authority to continue for such cause, and we are of opinion that by the statutory provisions referred to the power has not been denied.”
In the instant case, the court refused a discharge when application was first made therefor in the January term, 1958, and granted a continuance because of the absence of evidence. This it was clearly authorized to do under Section 2945.73, Revised Code. At the end of the next term, the court journalized an entry generally continuing all causes, civil and criminal. We must presume that this continuance was made for sufficient cause. As was said in paragraph one of the syllabus of the Johnson case, supra, “the Court of Common Pleas being a tribunal of superior jurisdiction, its records import absolute verity, and where a criminal cause is continued without disclosing the ground, the court will presume the continuance was upon suf *61 ficient ground, in the absence of anything in the record to the contrary, notwithstanding the provisions of Eev. Stats. Sections 7309, 7311, and the fact that the cause had already been continued three times on motion of the state. ’ ’
It follows that the Court of Common Pleas was correct in refusing to discharge the appellees, and the judgment of the Court of Appeals is, therefore, reversed, and the cause is remanded to that court for consideration of the other assigned errors not previously passed upon.

Judgment reversed.

Weygandt, C. J., Zimmerman, Tart, Matthias and Herbert, JJ., concur.